IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE: STEPHEN AND RITA CAINE    CASE NO. 1:10-bk-76269M
                                 (CHAPTER 12)
    Debtors.

STEPHEN AND RITA CAINE                                   PLAINTIFFS

VS.                    AP NO. 1:11-ap-7014

FIRST STATE BANK OF CROSSETT                             DEFENDANT

## MEMORANDUM OPINION

On December 1, 2010, Stephen Caine and Rita Caine (Debtors) filed a voluntary petition for relief under the provisions of Chapter 12 of the United States Bankruptcy Code, thereby becoming the debtor-in-possession. On February 1, 2011, the Debtors filed this adversary proceeding against First State Bank (Bank) to determine the nature and extent of the Bank's lien, and for turnover.

On February 17, 2011, the Bank filed an answer to the Debtors' complaint and filed a counterclaim for reformation of a mortgage granted to it by the Debtors pre-petition. On March 7, 2011, the Debtors filed an answer to the Bank's counterclaim denying the allegations contained therein.

On April 19, 2011, the Debtors filed their first amended complaint. The amended complaint seeks to set aside the Bank's mortgage lien on real property located in Ashley County, Arkansas, pursuant to the provisions of 11 U.S.C. § 544 because the legal description found in

1

the mortgage and filed with the Circuit Clerk is defective. The amended complaint also seeks attorneys' fees pursuant to Arkansas Code Annotated § 16-22-308.

On April 25, 2011, the Bank filed an answer to the Debtors' first amended complaint admitting that the legal description was erroneous but denying that the Debtors could avoid their mortgage and asserting that the mortgage should be reformed because of mutual mistake.

Trial on the merits on the complaint and counterclaim was held in El Dorado, Arkansas, on June 21, 2011, and the matter was taken under advisement. Both sides have filed briefs in support of their respective positions. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)&(K) and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

FACTS

The facts are not in dispute. On April 1, 2005, the Debtors executed a promissory note in favor of the Bank in the principal sum of $82,468.53. Also, on April 1, 2005, in order to secure said indebtedness the Debtors executed and delivered to the Bank a mortgage on real estate which is located in Ashley County, Arkansas. Said real estate is described in the mortgage as follows:

> PART OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 2, TOWNSHIP 17 SOUTH, RANGE 6 WEST, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGIN WHERE THE NORTH LINE OF A PUBLIC ROAD INTERSECTS THE WEST LINE OF SAID EAST HALF OF SAID NORTHWEST QUARTER (WHICH POINT IS 764 FEET NORTH OF THE SOUTHWEST CORNER OF SAID EAST HALF OF SAID NORTHWEST QUARTER), THENCE RUN NORTH ALONG THE WEST LINE OF SAID EAST HALF OF SAID NORTHWEST QUARTER FOR 466 FEET; THENCE

> RUN SOUTH FOR 466 FEET, MORE OR LESS, TO PUBLIC ROAD;
> THENCE RUN SOUTH 87 DEGREES 30 MINUTES WEST ALONG SAID
> ROAD FOR 518 FEET, MORE OR LESS, BACK TO THE POINT OF
> BEGINNING.

(Bank's Ex. 5.)

The legal description in the mortgage is defective because the description does not describe a tract of land. The description should have read as follows:

> PART OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION
> 2, TOWNSHIP 17 SOUTH, RANGE 6 WEST, MORE PARTICULARLY
> DESCRIBED AS FOLLOWS: BEGIN WHERE THE NORTH LINE OF A
> PUBLIC ROAD INTERSECTS THE WEST LINE OF SAID EAST HALF OF
> SAID NORTHWEST QUARTER (WHICH POINT IS 764 FEET NORTH OF
> THE SOUTHWEST CORNER OF SAID EAST HALF OF SAID NORTHWEST
> QUARTER), THENCE RUN NORTH ALONG THE WEST LINE OF SAID
> EAST HALF OF SAID NORTHWEST QUARTER FOR 466 FEET; <u>THENCE
> RUN NORTH 87 DEGREES 30 MINUTES EAST FOR 518 FEET</u>, THENCE
> RUN SOUTH FOR 466 FEET, MORE OR LESS, TO PUBLIC ROAD;
> THENCE RUN SOUTH 87 DEGREES 30 MINUTES WEST ALONG SAID
> ROAD FOR 518 FEET, MORE OR LESS, BACK TO THE POINT OF
> BEGINNING.

(Bank's Ex. 3.)

The mortgage was recorded with the Circuit Clerk and Recorder of Ashley County, Arkansas, on April 11, 2005, and appears in Record Book 315 at Page 46-51. The mortgage also contains an address of the property as "601 Ashley 300 Road, Hamburg, Arkansas, 71646." (Bank's Ex. 5.) The correct description describes a five-acre tract upon which the Debtors' personal residence is located. (Bank's Ex. 3 & 4.)

## II.

## DISCUSSION OF 11 U.S.C. § 544

11 U.S.C. § 544 gives a trustee, or in this case a debtor-in-possession, the power to avoid certain pre-petition transfers of a debtor's property that could have been avoided under

3

applicable state law by certain types of creditors or bona fide purchasers. 11 U.S.C. § 1203. See also Sandy Ridge Oil Co., Inc. v. Centerre Bank Nat'l. Assoc. (In re Sandy Ridge Oil Co.), 807 F.2d 1332, 1335 (7th Cir. 1986). These powers are commonly referred to as the trustee's "strong arm powers." 5 Collier on Bankr. ¶ 544.01 at 544-3 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) "The strong arm rights and powers are conferred on the trustee by federal law. However, the extent of the trustee's rights . . . is measured by the substantive law of the jurisdiction governing the property in question." 5 Collier on Bankr. ¶ 544.02[1] at 544-5 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.); see Cox v. Griffin (In re Griffin), 319 B.R. 609, 613 (B.A.P. 8th Cir. 2005) aff'd., 18 Fed.Appx. 595 (8th Cir. 2006); In re Marlar, 252 B.R. 745, 752 (B.A.P. 8th Cir. 2000); Kohut v. Quiken Loans, Inc. and Mortg. Electr. Registration Sys., Inc. (In re Wohlfeil), 322 B.R. 302, 304 (Bankr. E.D. Mich. 2005). Section 544 acts to cut off unperfected security interests, secret liens, and undisclosed pre-petition claims against the debtor. 5 Collier on Bankr. ¶ 544.02[2] at 544-6 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).

11 U.S.C. § 544 provides in relevant part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -
>
> (1) a creditor that extends credit to the debtor at the time of commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status

of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

## A.

## 11 U.S.C. § 544(a)(1)

The Debtors argue that they may avoid the Bank's mortgage lien under 11 U.S.C. § 544(a)(1). This section grants a judicial lien on all real property on which a creditor on a simple contract could have obtained a judicial lien, whether or not the creditor exists. See 11 U.S.C. § 544(a)(1).

Under Arkansas law, a judgment becomes a lien on the debtor's real property the date the judgment is filed if the real property is located in the same County where the judgment is filed. Ark. Code Ann. § 16-65-117(a)(1). On the day the petition was filed, the debtor-in-possession was deemed to be a creditor holding a judgment lien. See In re Don William Constr. Co., Inc., 143 B.R. 865, 868-869 (Bankr. E.D. Tenn. 1992)(trustee may avoid unrecorded obligation to transfer property pursuant to his status as a judgment lien creditor)).

Testimony in this case is that the property in question is the Debtors' homestead. The Arkansas Constitution provides in relevant part as follows:

> The homestead of any resident of this State, who is married . . . shall not be subject to the lien of any judgment or decree of any court. . . .

Constitution of the State of Arkansas, Article 9, Section 3. Accordingly, pursuant to the Arkansas Constitution a judgment lien on a simple contract does not attach to a debtor's homestead. See In re Keller, 204 B.R. 22 (Bankr. E.D. Ark. 1996). Therefore, the Debtors, as the debtor-in-possession, may not avoid the Bank's mortgage lien pursuant to 11 U.S.C. § 544(a)(1).

B.

11 U.S.C. § 544(a)(3)

11 U.S.C. § 544(a)(3) gives a trustee, in this case, a debtor-in-possession, the status of a bona fide purchaser who has no knowledge of the defect in a prior instrument even if the debtor-in-possession or trustee in fact has actual knowledge.  In re Griffin, 319 B.R. 609, 612-613 (B.A.P. 8th Cir.  2005); Sandy Ridge Oil Co., Inc. v. Centerre Bank Nat'l. Assoc. (In re Sandy Ridge Oil Co.), 807 F.2d 1332, 1336 (7th Cir. 1986); 5 Collier on Bankr. ¶ 544.02[2] at 544-6 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).

It is well settled that the language in § 544(a)(3)  "without regard to any knowledge of the trustee" refers to personal knowledge of the trustee and does not negate constructive notice under state law.[1]  See Probasco v. Eads (In re Probasco), 839 F.2d 1352 (9th Cir. 1998); McCannon v. Marston, 679 F.2d 13 (3rd Cir. 1982); Robbins v. Lenz (In re Perrin's Marine Sales, Inc.), 63 B.R. 4 (Bankr. W.D. Mich. 1985); 5 Collier on Bankr. ¶ 544.02 (the trustee is precluded from successfully using the avoiding powers when there is constructive notice by compliance with recording statutes or open possession).  Therefore, constructive notice of the defect precludes the trustee from asserting the status of a bona fide purchaser for value.  See In re Wholfeil, 322 B.R. 302, 305 (Bankr. E.D. Mich. 2005).

What is not so clear is whether the language in § 544(a)(3)  "without regard to any knowledge of the trustee" negates inquiry notice.  Inquiry notice is defined by state law and is not consistently defined nor is it treated consistently for purposes of 11 U.S.C. § 544 analysis.  In

---

[1]Constructive notice is generally held to be notice which a person is deemed to have by operation of law, commonly through the recording statutes.

some jurisdictions, inquiry notice is treated the same as constructive notice for purposes of 11 U.S.C. § 544; that is, the Trustee is subject to inquiry notice. See Briggs v. Kent (In re Prof'l. Inv. Properties of Am.), 955 F.2d 623, 627 (9th Cir. 1992)(under Washington state law, "knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed"); McCannon v. Martson, 679 F.2d 13, 16 (3rd Cir. 1982)(under Pennsylvania law, clear and open possession of real property generally constitutes constructive notice and any prospective purchaser is obliged to inquire into the possessor's interest). But see Wonder-Bowel Prop. v. Kim (In re Kim), 161 B.R. 831 (B.A.P. 9th Cir. 1993) (pursuant to California state law, a defective abstract will not provide constructive notice, nor does the existence of the defective abstract put a purchaser on inquiry notice).

Other courts have held that the language "without regard to any knowledge of the trustee" precludes the trustee from being subject to inquiry notice. As the Sixth Circuit explained in an unpublished opinion, "the 'strong arm' provisions of federal bankruptcy law specifically prohibit trustees from having actual knowledge of the interest. Thus, the trustee can only be charged with constructive notice." Rogan v. America's Wholesale Lender (In re Vance), 99 Fed.Appx. 25, *3 (6th Cir. 2004)(unpublished)(In Kentucky an improperly recorded security interest failed to provide constructive notice and therefore the trustee was not on notice.) See also Gregory v. Ocwen Fed. Bank (In re Biggs), 377 F.3d 515, 521 (6th Cir. 2004); Burden v. CIT Group/Consumer Finance, Inc. (In re Wilson), 318 Fed. Appx. 354, 364 (6th Cir. 2009)(unpublished); Wholesale Lender v. Gardner (In re Henson), 391 B.R. 210,*6 (B.A.P. 6th Cir. 2008)(unpublished); Consumer Finance, Inc. v. Burden (In re Trujillo), 378 B.R. 526, 536 (B.A.P. 6th Cir. 2007). In In re Coletta Bros. of North Quincy, Inc., a Massachusetts Bankruptcy

Court held, the recorded notice of the judgment "which would cause a reasonable person to inquire about the outcome of the action" was ineffective to bind the Trustee. Gray v. Burke (In re Coletta Bros. of North Quincy, Inc., 172 B.R. 159, 163 (Bankr. D. Mass. 1994). The court explained:

> This type of notice, known as inquiry notice, is a species of actual notice: actual notice not of the judgment itself but of fact that would lead one to the judgment. By virtue of 11 U.S.C. 544(a)(3), however, the Trustee is deemed to be a bona fide purchaser regardless of any knowledge he may have had. Therefore, as inquiry notice, the recorded notice is ineffective against the Trustee.

Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.), 172 B.R. 159, 163 (Bankr. D. Mass. 1994). The Tenth Circuit Bankruptcy Appellate Panel analyzes the problem as follows:

> The Lane court [Lane v. Courange, 187 Kan. 645, 359 P.2d 1115 (1961)] considers "inquiry notice" a species of "actual notice" while the Urchel court [Fed. Savs. & Loan Ins. Corp. v. Urshel, 159 Kan. 674, 157 P.2d 805 (1945)] describes "inquiry notice" as "constructive notice." The semantic discrepancy is not important so long as it is understood that the trustee, as a hypothetical purchaser who perfected his interest under state law as of the commencement of the case, had no hypothetical duty to make a diligent inquiry based on information actually known by the trustee either before or after the commencement of the case. Inquiry notice imposed on the trustee derives only from constructively noticed facts.

Morris v. Kasprek (In re Kasparek), 426 B.R. 332, 345, fn. 51 (B.A.P. 10th Cir. 2010).

Ultimately, whether the trustee is subject to inquiry notice for purposes of § 544 analysis depends on state law.

1.

Arkansas Law

In order to be a bona fide purchaser under Arkansas law, one must take property in good faith, for valuable consideration, and without notice of a prior interest. Bill's Printing, Inc. v.

Carder, 357 Ark. 242, 249, 161 S.W.3d 803, 807 (2004).

A mortgage is perfected against a subsequent transfer by recording the mortgage in the office of the circuit clerk of the county in which the mortgaged lands are located and the recording constitutes constructive notice against claims of bona fide purchasers or subsequent encumbrances. Ark. Code Ann. § 18-40-102 (Michie 2003); Williams v. JP Morgan Chase Bank, N.A. (In re Stewart), 422 B.R. 185, 188 (Bankr. E.D. Ark. 2009); Hawkins v. First Nat'l. Bank (In re Bearhouse), 99 B.R. 926, 927 (Bankr. W.D. Ark. 1989).

An instrument including a deed or mortgage that has been filed but contains a defective description does not constitute constructive notice if the description does not describe definite land. See McClelland v. McClelland, 219 Ark. 255, 241 S.W.2d 264 (1951)(insufficient description of land in the deed and therefore no notice provided by recorded deed); Gardner v. Johnson, 220 Ark. 168, 246 S.W.2d 568 (1952)(tax sale was invalid because the deed from the state contained a defective description); Neas v. Whitener-London Realty Co., 119 Ark. 301, 178 S.W. 390 (1915)(range omitted from legal description in the deed rendered the deed ineffective to pass title); Cooper v. Le Heirs, 59 Ark. 460, 27 S.W. 970 (Ark. 1894)(The description of land in the assessment or notice using abbreviations was not sufficient and therefore the tax sale was void.).

The Court notes that the Debtors and the Bank argue about whether "the defect was apparent on the face of the mortgage"; however, they argue over an issue that arises pursuant Minnesota law.[2] See Ameriquest Mortgage Co. v. Stradtmann (In re Stradtmann), 391 B.R. 14,

---

[2]In Minnesota, a defect that is apparent on the face of the mortgage provides for constructive notice. Ameriquest Mortgage Co. v. Stradtmann (In re Stradtmann), 391 B.R. 14, 18 (B.A.P. 8th Cir. 2008); Lindquist v. Household Indus. Fin. Co. (In re Vondall), 364 B.R. 668,

18 (B.A.P. 8th Cir. 2008); Lindquist v. Household Indus. Fin. Co. (In re Vondall), 364 B.R. 668, 671 (B.A.P. 8th Cir. 2007). Arkansas law has no similar language and so this issue in inapplicable. The Bank cites to a recent decision by Judge Ben Barry of this Court which discusses § 544(a)(3) and inquiry notice; however, this case is also not applicable because it discusses Missouri law. See In re McDaniel, United States Bankruptcy Court, Western District of Arkansas, No. 5:09-bk-75005 (August 10, 2010).

In Arkansas "[a] subsequent purchaser will be deemed to have actual notice of a prior interest in property if he is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of the prior interest." Massey v. Wynne, 302 Ark. 589, 591, 791 S.W.2d 368, 369 (1990). See also Bowen v. Perryman, 256 Ark. 174, 180, 501 S.W.2d 543, 547 (1974)(inquiry notice is tantamount to actual notice); Valley Planing Mill Co. v. Lena Lumber Co., 168 Ark. 1133, 272 S.W. 860, 864 (1925)(quoting Holloway v. Eagle, 135 Ark. 206, 205 S.W. 113, 116 (1918))("notice of facts and circumstances, that would put a man of ordinary prudence and intelligence on inquiry, which in law, is tantamount to knowledge of the facts to which inquiry might lead.") All of the above cited cases involve "facts and circumstances" of which the subsequent purchaser had actual notice.

The Arkansas Supreme Court explains why a bona fide purchaser is not constructively bound to inquire further than the information in the records:

> Good faith requires of that man who has <u>actual knowledge</u> of any existing fact to pursue such inquiry as would be suggested to an ordinarily prudent man by that knowledge, and equity charges him with that knowledge which he would have

---

671 (B.A.P. 8th Cir. 2007.)

>   thus obtained had he made the inquiry. But we find no cases which impose this duty upon him who has only constructive notice. Constructive notice relates only to the instrument as recorded, and if the instrument is insufficient to give the necessary notice, then knowledge is not to be imputed.

Neas v. Whitener-London Realty Co., 119 Ark. 301, 178 S.W. 390, 394 (1915)(emphasis added). Purchasers in Arkansas are only charged with notice of facts exhibited by the record made under the recording statutes, and not with facts that can be found outside the record that the record might have induced a prudent man to inquire into. Neas v. Whitener-London Realty Co., 119 Ark. 301, 178 S.W. 390 (1915). Therefore, in Arkansas a defective description found in the records does not impose upon a subsequent purchaser a duty to inquire outside the record to be qualified as a bona fide purchaser.[3]

In Arkansas, a duty to inquire outside the record only arises from facts and circumstances of which the subsequent purchaser has actual notice. Because "actual knowledge of the encumbrance will never prohibit a trustee [or debtor-in-possession] from invoking § 544(a)(3)";

---

[3]The Court noted that the rule is different for a defective description when it involves invalidating a deed because "a deed is not to be held void for uncertainty, if by any reasonable construction it can be made available." Davis v. Buford, 197 Ark. 965, 125 S.W.2d 789, 791 (1939)(omission of the township and range in deed was not fatal because the exception in the deed supplied the defect). Therefore, a description of land will be held sufficient if the land can be located by evidence aliunde from the description itself. Snyder v. Bridewell, 167 Ark. 8, 267 S.W. 561 (1924)(A description is sufficient if it furnished a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, then such a description is sufficient.); Tolle v. Curley, 159 Ark. 175, 251 S.W. 377 (1923)("If the descriptive words themselves furnish a key for identifying the land conveyed nothing more is required."). Extrinsic evidence is not admissible to cure a description which itself is void and offers no key in which the land can by located. Undernehr v. Sandlin, 35 Ark. App. 207, 827 S.W.2d 164, 166 (Ark. 1992)(A description does not furnish a key through which land can be located by evidence aliunde, when the description simply stops and leaves the rest of the description to the imagination.); Lemon v. Tanner, 173 Ark. 414, 292 S.W. 668 (1927)(description did not provide a key to identify the land; therefore, the reservation was void).

this Court holds that pursuant to Arkansas law and § 544, a trustee or debtor-in-possession is only charged with notice of facts in the recording books to qualify as a bona fide purchaser. Quoting <u>Sandy Ridge Oil Co. v. Centerre Bank Nat'l. Ass'n. (In re Sandy Ridge Oil Co.)</u>, 807 F.2d 1332, 1335 (7th Cir. 1986).

2.

Analysis

The Bank put on proof that a simple check of the Grantor/Grantee index would have revealed the existence of the mortgage and that a title examiner who examined the title would have noticed the description did not close. The description in the mortgage goes from the point of beginning, then north, then south the same number of feet as the north call, then mostly west 518 feet. When drawn out the calls result in the shape of the letter "L." All this description tells a subsequent purchaser is that the mortgage concerns a tract of land located in the East Half of the Northwest Quarter, Section 2, T17N (Township 17 North), R6W (Range 6 West), Ashley County, Arkansas. The Bank introduced a survey and the deed using the correct legal description which contains five acres including a house. (Bank's Ex. 3 & 4.) Unrefuted testimony was presented that a title examination would have uncovered the mortgage by doing either a direct index search based upon the name of the grantors or searching through the computer using a name search or the legal description.

The recorded mortgage does not put a bona fide purchaser on constructive notice because it is not possible to tell exactly what land is being described because it does not close. The deed does not help matters because the land intended to be mortgaged could have been a smaller portion than the land described in the deed. It is simply impossible to tell by the record what

land is being mortgaged. Linking the mortgaged property to the deed would be speculative. See

In re Poteat, 176 B.R. 734 (Bankr. D. Del. 1995). Extrinsic evidence would be necessary and the

debtor-in-possession is only subject to evidence that would be found in the records to qualify as

a bona fide purchaser. Accordingly, the debtor-in-possession can avoid the lien pursuant to 11

U.S.C. § 544(a)(3).

III.

REFORMATION

The Bank seeks to reform the mortgage to recite the correct legal description alleging that

the omitted call was a mutual mistake due to a scrivener's error. As this Court explained in

Stewart:

> In Arkansas, reformation of instruments is an equitable remedy that is appropriate
> when the instrument evidencing the agreement does not reflect the terms of the
> agreement due to mutual mistake of the party. Rice v. First Arkansas Valley
> Bank (In re May), 310 B.R. 405, 420 (Bankr. E.D. Ark. 2004)(citing Statler v.
> Painter, 84 Ark. App. 114, 133 S.W.3d 425, 428 (2003)). However, reformation
> will not operate to prejudice a subsequent bona fide purchaser. In re May, 310
> B.R. 405, 420 (Bankr. E.D. Ark. 2004)(citations omitted). 11 U.S.C. § 544(a)(3)
> gives the trustee the same rights and priorities in real property that a subsequent
> bona fide purchaser would have over an unperfected lien. In re Bearhouse, Inc.,
> 99 B.R. at 927.

In re Stewart, 422 B.R. 185, 190 (Bankr. W.D. Ark. 2009).

The debtor-in-possession's rights as a bona fide purchaser would by prejudiced if the

mortgage were to be reformed. Therefore, the Bank is not entitled to reformation.

IV.

ATTORNEYS' FEES

It has long been the rule in the United States that absent unusual circumstances, parties

are not entitled to recover their attorneys fees from the opposing party, unless provided for in a contract or in a state or federal statute. United States v. Mexico Feed and Seed. Co., 980 F.2d 478, 490 (8th Cir. 1992)(citing Alyeska Pipeline Serv. Co. V. Wilderness Soc'y., 421 U.S. 240, 249-50, 95 S.Ct. 1612, 1617-18, 44 L.Ed.2d 141 (1975)); In re Hunter, 203 B.R. 150, 151 (Bankr. W.D. Ark. 1996). The Debtors seeks attorneys' fees pursuant to Arkansas Code Annotated § 16-22-308. The relevant code provision provides:

> In any civil action to recover on an account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann.§ 16-22-308 (Michie 1994). A court's award of attorneys' fees pursuant to this statute is permissive and discretionary. Logue v. Seven-Hot Springs Corp., 926 F.2d 722, 725 (8th Cir. 1991).

This section 544 cause of action allows the debtor-in-possession to set aside a lien due to the debtor-in-possession's bona fide purchaser status. It is a cause of action peculiar to the Bankruptcy Code and differs from the types of actions which § 16-22-308 adresses. Arkansas Code Annotated § 16-22-308 is inapplicable to the case at bar. Accordingly, the Court finds that the Debtors are not entitled to attorneys' fees.

V.

CONCLUSION

Pursuant to 11 U.S.C.§ 544, the defective description does not provide the required notice; therefore, the debtor-in-possession qualifies as a bona fide purchaser and can avoid the

14

mortgage lien. For the foregoing reasons, neither reformation nor attorneys' fees pursuant to Arkansas Code Annotated § 16-22-308 are appropriate in this matter. A separate judgment shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

        IT IS SO ORDERED.

Dated: 12/08/2011

_____
HON. JAMES G. MIXON
U. S. BANKRUPTCY JUDGE

DATE:_____

cc:    Thomas S. Streetman, Esq.
       Paul S. Rainwater, Esq.
        Kyle Havner, Esq.